## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re:   Altha Daniel | ) | **Chapter 13 Case No.: 11-54072** |
| | ) | |
| | ) | Judge Marilyn Shea-Stonum |
| Debtor(s). | ) | **Original Chapter 13 Plan** |
| | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ATTENTION CREDITORS - YOUR RIGHTS MAY BE AFFECTED**.

The purpose of this plan is to organize how claims are proposed to be paid and allow users of the plan to easily review the plan for specific items and treatment under the plan.  Creditors must exercise their own judgment in deciding whether to accept or oppose the plan.  Creditors should read this plan carefully and discuss it with their attorney.  Anyone who wishes to oppose any provision of this plan must file with the Court a timely written objection.  This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed.  **Creditors must file a proof of claim with the Court in order to receive distributions under this plan.  Absent an objection by the Debtor(s) or other party in interest, the Trustee shall pay claims as filed.  Secured claims must have proof of security attached.  Creditors claiming a right to interest should state the interest rate on the front page of the proof of claim.**
_____

1. **PLAN PAYMENTS**

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. §1326(a)(1), as follows:

   To the Chapter 13 Trustee (hereinafter "Trustee"): $  560.00   per month, payable in
      X   monthly _____semi-monthly _____bi-weekly _____weekly installments of
   $  560.00   each, for a period of  60   Months.

   ____  The Debtor Husband is employed by shall make payment by payroll deduction.

   ____  The Debtor is self-employed and shall make payments to the Trustee by cashier check or money order.

   X   The Debtor is retired and/or has (source of income) and shall make payments to the Trustee by check or money order.

   The Debtor(s) further proposes to devote all annual income tax refunds greater than $1,500 (Fifteen Hundred Dollars), excluding child care, educational, and earned income credits to the repayment of creditors under this plan.  Upon application by the Debtor(s), and for good cause shown, the Court may consider and may grant a temporary suspension of plan payments without hearing or notice.  A suspension of plan payments, if approved by the Court, will not reduce the total amount of repayment creditors are to receive under the plan.

2.  **ADEQUATE PROTECTION PAYMENTS PRIOR TO CONFIRMATION**

The Debtor will enter into an agreed entry with the Creditor(s) listed below and the Trustee authorizing the Trustee to make adequate protection payments prior to the confirmation of this plan to the following creditors if the Creditor(s) so desire.

| CREDITOR | COLLATERAL |  | AMOUNT |
|---|---|---|---|
| None |  |  |  |

3.  **ORDER OF DISTRIBUTION**

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Paragraphs 4, 5 and 6; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may use best efforts to pay secured creditors from the funds on deposit with the Trustee on the date of distribution. Should the Debtor's plan payments result in the completion of payments to unsecured and priority creditors while leaving a balance owing to secured creditors, the Trustee is authorized to remove the fixed monthly payment amounts to finish payment to secured creditors on a pro rata basis in order to expedite payment to the secured creditors.

4.  **CLAIMS SECURED BY REAL PROPERTY**

    A.  **Mortgage Arrearages and Real Estate Tax Arrearages**

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages in equal monthly payments. Trustee will pay interest on the mortgage arrearage if the proof of claim provides for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest. Note: The interest rate requested by the creditor should be stated on the front of the proof of claim. Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment Paid by Trustee |
|---|---|---|---|---|
| Bay City Investments | 775 Roscoe Avenue Akron, Ohio 44306 | $ 7,403.42 | 5% | (See paragraph 12(1)) |
| Chase Home Finance | 775 Roscoe Avenue Akron, OH 44306 | $ 16,597.58 | 5% | (See paragraph 12(2)) |
| Summit Co. Fiscal Officer | 775 Roscoe Avenue Akron, OH 44306 | $ 1,167.09 | 0% |  |
| Huntington MTG Group | 1419 Druid Drive Copley, OH 44321 | $     0.00 |  | (See paragraph 10) |

    B.  **Liens and Other Claims secured by Real Estate**

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment Paid by Trustee |
|---|---|---|---|---|
| None. |  |  |  |  |

## 5. CLAIMS SECURED BY PERSONAL PROPERTY

### A. Secured Claims to be Paid Through the Plan:

Trustee shall pay the following claims in equal monthly payments.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| None. | | | | |

## 6. FEDERAL TAX LIENS SECURED BY REAL AND PERSONAL PROPERTY

| Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|

## 7. DOMESTIC SUPPORT OBLIGATIONS

Debtor _____ does __X__ does not have domestic support obligations pursuant to 11 U.S.C. §101(14A).

If the Debtor does have domestic support obligations:
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address of Holder (if known) | Address of Child Enforcement Support Agency (mandatory) |
|---|---|---|

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|

## 8. OTHER PRIORITY CLAIMS

Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|
| Summit County Fiscal Officer | $ 1,167.09 (property taxes (see paragraph 4(A)) |

## 9. GENERAL UNSECURED CLAIMS

Unsecured Creditors shall be paid 1% of timely filed and non disputed general non-priority unsecured claims.

**10. PROPERTY TO BE SURRENDERED**

Debtor will surrender her interest in the following property.  All secured creditors shall have one (1) year from the granting of the relief from stay on said property to file a deficiency claim if one so exists or forever be barred in this bankruptcy case.  If a relief from stay is not filed within one year of the filing of the Debtor's petition, the secured creditors would also be barred from filing a deficiency claim in this bankruptcy case.

|  | Property |
|---|---|
| Creditor | Description |
| Huntington MTG Group | 1419 Druid Drive, Copley, Ohio 44321 |

**11. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts and unexpired leases are rejected except the following, which are assumed and shall be paid directly by the Debtor to the creditor:

|  | Property |
|---|---|
| Creditor | Description |
| None | |

**12. SPECIAL PROVISIONS**
The following provisions shall also apply:

**(1)The secured claim representing the first mortgage on the Debtor's real property located at 775 Roscoe Avenue, Akron, Ohio 44306 held by Bay City Investments shall be paid in full through the plan without late fees and with an interest rate of 5%.  Upon completion of the Debtor's Plan, the mortgage shall be released by Bay City Investments or its assignees or its servicer and the note shall be considered paid in full.**
**(2) The secured claim representing the second mortgage on the Debtor's real property located at 775 Roscoe Avenue, Akron, Ohio 44306 and held by Chase Home Finance, LLC shall be paid as a secured claim of $ 16,597.58 (or the difference between what the First Mortgage held by Bay City Investments and the value of the real estate (which is $ 24,000.00 pursuant to an independent appraisal)) at 5% interest pursuant to 11 U.S.C. §§ 506(a) and 1322(b) and <u>In re Till</u>, 541 US 465, 124 S.Ct. 1951.  The remaining balance of debt owed to Chase Home Finance, LLC, approximately $27,908.42 shall be paid as an unsecured claim (which as proposed is 1%).   Upon completion of the Debtor's Plan, the mortgage shall be released by Chase Home Finance, LLC or its assignees or its servicer and the note shall be considered satisfied as the secured portion of the note shall be paid and the unsecured portion of the note shall be discharged.**

 /s/    Altha Daniel
Debtor

Attorney Signature  /s/ Ryan J. Gerace, Esq.

Name    Ryan J. Gerace, Esq.

Ohio Registration No. 0075913

Address 529 White Pond Drive, Akron, Ohio 44320

Phone   330-983-9719

E-mail     Bandgakroncourtnotices@gmail.com